COPE, Judge.
Agustín Devilliers and Maria Angel Devilli-ers appeal a summary final judgment denying insurance coverage. We affirm.
In 1992 plaintiff-appellant Agustín Devilli-ers was a passenger in a van insured by defendant-appellee Allstate Insurance Co. The van was owned by Ultima Broadway Corp. and driven by the corporation’s president, Antonio Mata. Mata caused a collision in which the occupants of a second vehicle were injured. Claims by the occupants of the second vehicle exhausted the $300,000 bodily injury coverage of the Allstate policy. Passenger Devilliers made no claim under the bodily injury coverage of the insurance policy.
Passenger Devilliers then sought coverage under the $300,000 uninsured motorist (“UM”) coverage of the insurance policy. Allstate denied coverage and passenger Dev- *886 illiers brought suit.[1] The trial court ruled in favor of Allstate and this appeal ensued.
Passenger Devilliers concedes that under the Florida Supreme Court’s recent decision in Travelers Insurance Co. v. Warren, 678 So.2d 324 (Fla.1996), Allstate had no legal obligation to write an insurance policy which would allow a passenger in the insured vehicle to “stack” UM coverage on top of the policy’s liability coverage. Id. at 327. Passenger Devilliers argues, and Allstate concedes, that in theory an insurer can write an insurance policy which has coverage more generous than that which Florida’s UM statute[2] requires. Passenger Devilliers asserts that under the terms of this particular policy, there is coverage. We disagree.
The Allstate policy defines the word “you” to mean the named insured, in this case Ultima Broadway Corp. The UM endorsement in the commercial auto policy states in part, ‘“uninsured motor vehicle’ does not include any vehicle: ... d. Owned by ... you [Ultima Broadway Corp.]_” The van in this case was owned by Ultima Broadway Corp. It follows that there was no UM coverage for this claim.
Affirmed.

. Plaintiff-appellant Maria Angel Devilliers, passenger Devilliers' wife, asserted a claim for loss of consortium.

. § 627.727, Fla.Stat. (1991).